UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dasha Dalya Ronika Jennings, | ) | C/A No. 6:25-cv-8530-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Naomi Campbell, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this civil action against the above-named Defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned concludes that this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint against the above-named Defendant on the standard form on July 25, 2025. ECF No. 1. However, Plaintiff previously filed an action against this same Defendant at case number 25-6891, which included claims against several Defendants including the Greenville County Library System, Greenville County Police Department, United Housing Connections, S.C. Works Greenville Center, Greenville County, and the United States of America.[1] *See Jennings v. Greenville County Library System, Et. Al*, C/A No.

---

[1] Plaintiff did not specifically identify Naomi Campbell as a Defendant in the caption of her Complaint filed in *Jennings I*. However, she made allegations against her in the Complaint. ECF No. 1-1 at 2.

1

6:25-cv-6891-JDA-WSB (D.S.C.) ("*Jennings I*"), ECF No. 1.  By Order dated July 10, 2025, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint filed in *Jennings I* was subject to summary dismissal for the reasons identified by the Court in its Order.  *Jennings I*, ECF No. 7.  The Court noted, however, that Plaintiff might be able to cure the deficiencies of her Complaint and granted Plaintiff twenty-one days to file an amended complaint.  *Id*. at 20.  Plaintiff was notified that "an amended complaint replaces all prior complaints and should be complete in itself."  *Id*.  Further, Plaintiff was specifically warned:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.

*Id*. at 20–21 (emphasis omitted).  Plaintiff filed an Amended Complaint in *Jennings I*, which was entered on the docket on July 23, 2025.  *Jennings I*, ECF No. 10.  Notably, in the *Jennings I* Amended Complaint, Plaintiff named only the Greenville County Police Department.  *Id*.  However, Plaintiff also filed separate actions against the other Defendants named in the original Complaint, including the present action against Ms. Campbell of the United Housing Connection.  *See* case numbers 6:25-cv-8517, 6:25-cv-8521, 6:25-cv-8525, and 6:25-cv-8530.

**Allegations from the Complaint**

Plaintiff's Complaint filed in this matter makes similar allegations against Defendant to those in the original Complaint filed in *Jennings I*.  ECF No. 1.  Plaintiff alleges that, when a "landlord evicts a resident of a Section 8 housing unit without following the specific procedures outlined in federal regulation" constitutes an FHA violation.  *Id.* at 3.  Plaintiff alleges:

> Recklessly, UHC sent writ to evict knowingly to punish my waive [sic] to seek counsel under religious authorities instead of GMH. The cop pushed me and Naomi carelessly, after giving notice to informed me the privilege to request Social Security Benefits took

2

>to the public to blind sidingly [sic] without money have me murdered by witnesses.

*Id.* at 5.  For her relief, Plaintiff seeks "return on money paid to establish residential address beginning on June 17, 2017." *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

Plaintiff appears to assert claims pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint filed in this case is subject to dismissal for the reasons below.

**Defendant Entitled to Dismissal**

The only Defendant named in this action—Naomi Campbell—is subject to dismissal because there are no allegations of personal wrongdoing against her. *Howard v. Christian*, C/A No. 2:25-cv-00794-RMG-KFM, 2025 WL 746537, at *3 (D.S.C. Feb. 14, 2025) (finding the individual defendants named in the complaint were "subject to dismissal because the plaintiff's complaint makes no personal allegations of wrongdoing against them"), *R&R adopted by* 2025 WL 746073 (D.S.C. Mar. 7, 2025); *Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020). Indeed, it is unclear in what capacity Defendant was involved in Plaintiff's alleged constitutional deprivations. In order to assert a viable claim under § 1983 against any particular public official, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights). Accordingly, Defendant is subject to dismissal.

**Failure to State a Claim**

The allegations in the Complaint fail to state a claim for relief that is plausible. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory

5

statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the Complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations in the present pleading fail to satisfy this standard.

Plaintiff's allegations are vague and conclusory and, as explained above, the Complaint fails to identify a proper Defendant responsible for the alleged violations of Plaintiff's rights. Plaintiff's conclusory assertions fail to satisfy the applicable pleading requirements. *See, e.g., Wright v. Cnty. of York, S.C.*, C/A No. 0:22-cv-3407-CMC-PJG, 2022 WL 18635123, at *2 (D.S.C. Dec. 9, 2022) ("Plaintiff provides no facts that would explain who injured him or how, such as why his arrest was unlawful or how his detention has violated his rights. He provides no facts about the defendants, and his purported requests for relief are conclusory and unclear."); *Montgomery v. United States*, C/A No. 5:14-CT-3279-H, 2016 WL 7647572, at *2 (E.D.N.C. Mar. 7, 2016) ("[Plaintiff does not conspicuously allege important details showing who caused the harm, or when and where it occurred. The allegations contained in plaintiff's complaint . . . were too speculative, generalized, and conclusory to show a basis in fact and are, therefore, meritless."), *aff'd*, 654 F. App'x 635 (4th Cir. 2016). The Complaint must therefore be dismissed for failure to state a claim upon which relief can be granted. *See VanDerHorst v. South Carolina*, C/A No. 2:20-cv-2501-RMG-PJG, 2020 WL 4572739, at *2 (D.S.C. Aug. 7, 2020); Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Iqbal*, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). The precise nature of Plaintiff's causes

of action are not entirely clear. Regardless of how the claims are construed, the allegations fail to establish that Plaintiff is entitled to relief.

Plaintiff appears to premise her claims on violations of the Fair Housing Act ("FHA"). ECF No. 1 at 3, 5. However, Plaintiff has failed to allege facts to support any violation of the FHA. *See, e.g Bailey v. Queen's Landing Council of Unit Owners, Inc.*, C/A No. 23-cv-1559-ABA, 2023 WL 8829201, at *3 (D. Md. Dec. 21, 2023) (finding the plaintiff's allegation that she "was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of the FHA" was "a purely conclusory allegation, devoid of factual allegations that, if true, would entitle her to relief"); *5-Star Athlete, Dev., LLC v. City of Shelby, N. Carolina*, C/A No. 1:21-cv-323-MR-WCM, 2022 WL 4287921, at *3 (W.D.N.C. May 26, 2022) (discussing requirements for an FHA claim and dismissing complaint for failing to state a claim for relief), *R&R adopted by* 2022 WL 3136957 (W.D.N.C. Aug. 5, 2022); *Hatcher v. TM Assocs., Inc.*, C/A No. 1:17-cv-00019, 2017 WL 5256958, at *2 (W.D. Va. Nov. 13, 2017) (finding the plaintiff's "conclusory allegations of discrimination, absent factual support" were insufficient to state a claim under the FHA). Thus, to the extent Plaintiff is asserting a claim under the FHA, she has failed to support any such claim with allegations to show she is entitled to relief.

Liberally construing the pleadings filed in this case, the Court is unable to make out any plausible cause of action. The cursory allegations in the Complaint lack factual allegations to state a claim for relief. Plaintiff must allege more than mere conclusory assertions to state a plausible claim. *See Griffith v. State Farm Fire and Cas. Co.*, No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). Thus, this action is subject to dismissal because Plaintiff has failed to state a claim for relief.

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915 without leave to amend[2] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

August 5, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] As Plaintiff was afforded an opportunity to file an Amended Complaint in *Jennings I* related to the claims asserted against the Defendant named in the present case, but failed to correct her pleading deficiencies, the undersigned recommends that this action be dismissed without leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).